UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW L. McC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19 CV 118 (JMB) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner of Operations, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint as untimely filed. Plaintiff, who proceeds *pro se*, has not filed a response in opposition to the motion and his time for doing so has expired.

On May 18, 2018, an administrative law judge (ALJ) issued a decision denying plaintiff's application for disability benefits under Title XVI of the Social Security Act. On November 8, 2018, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Decl. of Cristina Prelle ¶ 3(a) [Doc. #10-1]. By statute, an individual may seek judicial review of the ALJ's decision by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). The notice of denial sent by the Appeals Council informed plaintiff that he had sixty days from the date of receipt, which was deemed to be five days after mailing. See 20 C.F.R. § 422.210 ("[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice,

unless there is a reasonable showing to the contrary."). Thus, in order to be timely filed, plaintiff's complaint was due no later than January 14, 2019. Plaintiff filed a form complaint on January 28, 2019. In completing the form, he did not provide the full date on which he received the notice of the decision of the Appeals Council, writing only that he received the notice in "2018." [Doc. # 1 at ¶ 6].

The 60-day period specified in § 405(g) is a period of limitation that will bar a civil action unless it is tolled. See Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citing Mathews v. Eldridge, 424 U.S. 319, 328, n. 9 (1976), and Wienberger v. Salfi, supra, 422 U.S. 749, 764 (1975)). "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (citation omitted). "The Eighth Circuit has allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where circumstances involve conduct (by someone other than the claimant) that is misleading or fraudulent such as where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Jackson v. Berryhill, No. 4:17-CV-2587 PLC, 2018 WL 3546772, at *2 (E.D. Mo. July 24, 2018) (quoting Dooley v. Astrue, 4:08-CV-1113-ERW, 2009 WL 1444215, at *2 (E.D. Mo. May 21, 2009)). The Eighth Circuit is "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [his] legal rights." Id. (quoting Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994)).

Plaintiff has not responded to the motion to dismiss and thus presents no basis for equitable tolling of the 60-day limitations period and the Court finds that his complaint is untimely filed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #10] is **granted**.

A separate order of dismissal will be entered this same date.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of April, 2019.